EVERT PELLS and others,

v.

JEREMIAH COON and WIFE.

Upon the abatement of a suit, by the death of one of several complainants, it is at the election of the surviving complainants, whether they will revive the suit.

The court will limit a time, within which they shall make that election.

And if they do not revive within the time limited, the court will order that they be precluded from any farther prosecution of the suit.

1824.
10th May.
27th July.

Revivor.

THIS cause was put at issue in July 1823, and rules were taken to produce witnesses, after the expiration of which, and in December following, the complainant Evert Pells, who was a material party to the suit, died.

No measure having been taken by the other complainants to revive the cause, the defendants in March 1824, presented a petition, upon which an order was granted, ex parte, that the surviving complainants proceed to revive the suit, within six weeks after service of a copy of the said order on their solicitor, or in default thereof, that the said bill be dismissed.

10th May,
1824.

MR. S. G. HUNTINGTON moved, upon notice, to discharge that order.

MR. VIELE on the other side.

THE COURT was of opinion that the order was proper, as limiting a time, within which the complainants must proceed, if they can proceed and choose to do so ; and the application was accordingly denied.

At a subsequent day, MR. VIELE moved to dismiss the bill with costs. He insisted, that the suit is not out of court. By the statute 1 Rev. Laws 488. ch. 95. sec. 7. The suit shall survive, if it admits of survivorship. It may be revived by subpœna ad revivendum : or if it does not survive, his representatives may, on motion and without bill, be made parties ; or a surviving complainant may make those representatives, defendants. He also cited, 1 Har. Pr. 690. Hindes Pr. 417. Newb. 201. 1 John. ch. 477.

MR. HUNTINGTON opposed this application. The grounds of his opposition will sufficiently appear in the reasoning of the chancellor. He cited 2 Mad. Ch. 397. 401. 403. Coop. Pl. 64-5. 302. 1 Eq. Ca. Ab. 1. 4. Mitf. Pl. 55. 11 Ves. 313. 1 Vern. 463. 1 Harr. Pr. 127. 128. 133. Eden. Inj. 94. 12 Ves. 311. 1 P. W. 742. 2 Dick. 601.

THE CHANCELLOR. On the first day of December 1823, after this cause was at issue, Evert Pells one of the complainants, died: and his right in the cause of action, did not survive to the other complainants. The suit abated, by the death of Evert Pells ; but the surviving complainants were at liberty, under the seventh section of the act concerning the court of chancery, to proceed in the suit, according to the provisions of that law. Upon the application of the defendants, an order was made, on the twenty sixth day of March last, limiting a time within which the surviving complainants should proceed, or that the suit should be dismissed. The time limited by that order having expired, and the surviving complainants not having proceeded, the defendants now move, that the suit be dismissed, with costs.

Our statute provides that in cases like this, the surviving parties may proceed in the suit, notwithstanding the abatement ; but it imposes no obligation upon them. The object of the order of the twenty sixth day of March last, was, to

1824.

PELLS
v.
COON.

limit a time within which the surviving complainants should revive the suit or proceed in it, if they should choose to avail themselves of the right given by the statute. As they have not proceeded in the suit, they must be precluded; and a decree terminating the suit in all respects, must now be made. It is of no moment, whether the suit is considered as abated, or as dismissed; except as one or the other of these views, may determine the question of costs. If the suit is considered as abated by the death of a party, no costs can be given; such being the established rule, both in law and equity. 12 Johns. 500. If the suit is deemed to be dismissed for want of due prosecution, costs may be awarded; the general rule of the court being, to give costs against a complainant, whose suit is so dismissed.

This suit abated by the death of Evert Pells; but by the provisions of the statute, it might or might not have been farther prosecuted, at the election of the surviving complainants. They had an option to abandon this suit, as abated; or to proceed in it; or to institute a new suit. They have elected not to pursue this suit; and they were entirely at liberty, so to decide. I do not perceive, that they should be subjected to costs, because they have not availed themselves of the right given by the statute. The provision of the statute, that a suit thus abated, may be afterwards prosecuted, does not alter the nature or consequences of an abatement, where no farther prosecution takes place. I am of opinion, that the abatement by the death of Evert Pells, must be considered as in effect, the termination of this suit, and that no costs can be given to either party against the other.

The decree will declare, that the suit abated by the death of Evert Pells; and will adjudge, that the surviving complainants, not having proceeded to revive the suit or to prosecute it farther, according to the statute and the order of the court, are precluded from any farther prosecution of this suit.